IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HSI ASSET SECURITIZATION CORPORATION TRUST 2006 OPT4, MORTGAGE-PASS THROUGH CERTIFICATES, SERIES 2006-OPT4, | § § § § § § § § | |
| Plaintiff, | § | Civil Action No. 4:20-cv-2577 |
| v. | § § § § § | |
| MARK STUBBLEFIELD | § § | |
| Defendant. | § § § | |

**PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT
<u>AND BRIEF IN SUPPORT</u>**

Plaintiff Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Trust 2006 OPT4, Mortgage-Pass Through Certificates, Series 2006-OPT4 ("Deutsche Bank" or "Plaintiff"), files this *Motion for Summary Judgment*, and respectfully moves the Court to grant Summary Judgment pursuant to Federal Rule of Civil Procedure 56 as to Defendant Mark Stubblefield ("Defendant") and requests entry of a judgment allowing it to proceed with foreclosure of the Property subject to this suit, and respectfully shows the Court as follows:

### I.   PROCEDURAL SUMMARY

1. Plaintiff filed its *Original Complaint* on July 22, 2020 (the "Complaint") seeking a declaratory judgment declaring that Plaintiff is the owner and holder of the Note, beneficiary of

the Security Instrument, a mortgagee as that term is defined under Texas Property Code and that Plaintiff is authorized to enforce the power of sale in the Security Instrument. (ECF Doc. No. 1.)

2. On July 29, 2020 Plaintiff completed service on Defendant Mark Stubblefield. (ECF Doc. No. 9.) Defendant Mark Stubblefield has not answered to the Complaint. On September 15, 2020, Plaintiff filed a *Request for Entry of Default and Motion for Default Judgment against Defendant Mark Stubblefield*. (ECF Nos. 6 and 7.) The Clerk entered default against Defendant Mark Stubblefield on October 16, 2020. (ECF Doc. No. 11.)

3. Subsequently, on October 30, 2020, the Court entered an *Order Setting Default Judgment Hearing* for November 23, 2020 and ordered Plaintiff to serve the order to Defendant and file proof of the service with the Court by November 19, 2020. (ECF No. 13.)

4. On November 13, 2020, Plaintiff filed an *Affidavit of Service* showing that Defendant was served with the Court's order on November 6, 2020. (ECF No. 15.) On November 23, 2020, a default hearing was held by this Court. Defendant Mark Stubblefield appeared pro se at the hearing and the Court denied Plaintiff's Motion for Default Judgment due to Defendant's appearance. (ECF No. 17.) However, as of today's date, no answer or other response to the Complaint has been filed by the Defendant.

5. Plaintiff now files this Motion for Summary Judgment to show that the summary judgment evidence conclusively establishes that Defendant defaulted on his obligation under the terms of the loan agreement, and therefore, Plaintiff is entitled to a final judgment allowing it to proceed with foreclosure.

## II.     SUMMARY JUDGMENT EVIDENCE

6.     Plaintiff relies upon the following evidence in support of its summary judgment grounds:

Exhibit A.     Declaration of Kyandra Brown;

    A-1.     Note, dated November 30, 2005;

    A-2.     Security Instrument, dated November 30, 2005;

    A-3      Corporate Assignment of Deed of Trust, dated October 30, 2019;

    A-4.     Notice of Default, dated April 23, 2020;

    A-5.     Payment History; and

    A-6.     Payoff Statement."

Exhibit B.     Declaration of Vivian N. Lopez

    B-1.     Plaintiff's Requests for Admission, Requests for Production, and Requests for Interrogatories;

    B-2.     Online probate records search results of the County Clerk for Montgomery County, Texas.

Plaintiff also relies upon the pleadings, motions and other papers on file in this cause and public records of which the Court may take judicial notice.

## III.     FACTS

7.     On or about November 30, 2005, Harriet Stubblefield ("Decedent") executed a Note in the principal amount of $77,200.00 (the "Note"), originally payable to Option One Mortgage Corporation ("Option One") as lender on a loan secured by the real property described below. *See Exhibit A-1*.

8.     Concurrently with the execution of the Note, Decedent and her spouse, Defendant Mark Stubblefield (the "Borrowers"), executed a Deed of Trust, ("Security Instrument") and

together with the Note, "Loan Agreement"), as grantors, granting Option One, its successors and assigns, a security interest in the real property real property and improvements commonly referred to as 9 Yewleaf Ct., the Woodlands, Texas 77381, and more particularly described as follows:

> LOT 33, IN BLOCK 3, OF VILLAGE OF PANTHER CREEK, SECTION ONE (1), A SUBDIVISION IN THE WOODLANDS, IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET B, SHEET 107B OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS. (the "Property")

The Security Instrument was recorded in the official public records of Montgomery County, Texas, as Document No. 2005 135655, on December 6, 2005. *See Exhibit A-2.*

9. Subsequently, Sand Canyon f/k/a Option One Mortgage Corporation assigned and transferred the Loan Agreement to Deutsche Bank, as evidenced through a *Corporate Assignment of Deed of Trust* ("Assignment"). The Assignment was recorded in the official public records of Montgomery County, Texas, as Document No. 2019103114 on November 5, 2019. *See Exhibit A-3.*

10. Deutsche Bank is the current owner and holder of the endorsed Note and beneficiary of the Deed of Trust. Deutsche Bank is also the mortgagee as that term is defined in Section 51.0001(4) of the Texas Property Code. *See Exhibit A.*

11. Under the terms of the Loan Agreement, Borrowers were required to pay when due principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note. The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, then the lender may enforce the Deed of

Trust, selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement. *See Exhibit A, A-1 and A-2.*

12. Decedent died on or about June 23, 2018. No probate was initiated for Decedent. *See Exhibit B-2.* In accordance with Texas Estates Code §§ 101.001(b) and 101.051, her heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Plaintiff. Defendant Mark Stubblefield is an heir and spouse of the Decedent at the time of her death.

13. There has been a default under the terms of the Note by the failure to make payments, and the Loan Agreement is currently due and owing for August 1, 2019 payment and all subsequent monthly payments. *See Exhibit A-4.*

14. On or about April 23, 2020, a Notice of Default was sent to Borrowers' last known address, in accordance with the Loan Agreement and the Texas Property Code. In the Notice of Default, Borrowers were informed that in order to cure the default, payment of the entire amount past due plus any amount becoming due in the interim would have to be received on or before May 28, 2020 and that failure to cure the default on or before the specified date would result in acceleration of the sums secured by the Deed of Trust and sale of the Property. *See Exhibit A-5.* The default was not cured. *See Exhibit A-4.*

15. As of July 1, 2021, the balance owed under the Loan Agreement is $76,698.41. Interest and other fees continue to accrue while the Loan Agreement is in default. *See Exhibit A-6.*

16. On February 9, 2021, Plaintiff served Defendant with Plaintiff's First Requests of Admissions, Plaintiff's First Requests for Production of Document and Plaintiff's First Set of Interrogatories (the "Written Discovery Requests"). *See Exhibit B-1.* Defendant's responses to

the Written Discovery Request were due on March 9, 2021. Defendant failed to timely produce his responses and/or objections. *See Exhibit B*.

17. Plaintiff now seeks summary judgment because Defendant is in default under the terms of the Loan Agreement, and Plaintiff has the standing and the authority to proceed with foreclosure on the Property. Further, the matters included in Plaintiff's Requests for Admissions are deemed admitted and should be considered as conclusively established due to Defendant's failure to timely respond. *See Exhibit B-1*. No genuine issue of material fact exists to prevent the entry of a summary judgment against Defendant.

### IV.   SUMMARY JUDGMENT STANDARD

18. Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

19. The Supreme Court has further held that the moving party may discharge its summary judgment burden of proof by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). If the non-moving party bears the burden of proof at trial, the moving party need only point to the absence of any fact issue in the record, and the evidentiary burden then shifts to the non-moving party to show with "significant probative" evidence that there exists a triable issue of fact. *Celotex,* 477 U.S. at 322; *see also Stahl v. Novartis Pharms. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002) ("The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that that record contains no support for the non-moving party's claim."). If the moving party meets its burden, the burden shifts to the non-moving party to establish the

existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585-87 (1986). The non-moving party must do more than show that there is some metaphysical doubt as to the material facts. *Matsushita,* 475 U.S. at 586; *see also Little v. Liquid Air Corp.*, 37 F3d 1069, 1075 (5th Cir. 1994) (en banc) (non-movant cannot defeat a motion for summary judgment with "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla" of evidence).

## V. SUMMARY JUDGMENT GROUNDS

**A. Plaintiff is entitled to summary judgment allowing it to proceed with foreclosure against the Property because Defendant defaulted on the Loan Agreement.**

20. In the Complaint, Plaintiff seeks a judgment allowing it to proceed with foreclosure. (ECF Doc. No. 1 at prayer.) In Texas, to foreclose under a security instrument with a power of sale, the plaintiff is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014). The summary judgment evidence conclusively establishes each of the necessary elements of Plaintiff's foreclosure claim.

**i. A Debt Exists**

21. Plaintiff incorporates by reference all facts and arguments contained in the sections above.

22. The debt is evidenced by the Note signed by the Decedent. *See Exhibit A-1.* The Note is a written contract between the signatories. The plaintiff must show the following in order

to prove existence of a valid and enforceable contract between the parties: (1) offer; (2) acceptance; (3) mutual assent; (4) execution and delivery of the contract with the intent that it be mutual and binding; and (5) consideration supporting the contract. *Texas Gas & Utils. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970).

23. The written Note evidences the parties' mutual assent. (*Id.*) Further, the signature by Decedent shows that the Note was in fact executed by her at closing. (*Id.*) Plaintiff, through its predecessor, performed under the terms of the Note by lending the referenced $77,200.00. (*See Id.*)

24. No genuine issue exists as to whether the Note accurately evidences the subject debt owed.

### ii.   The Debt is Secured by a Lien Created Under Texas Law.

25. Plaintiff incorporates by reference all facts and arguments contained in the sections above.

26. The lien securing the debt is evidenced by the Security Instrument executed by the Decedent and Defendant granting Option One, and its successors and assigns, a lien on the Property. *See Exhibit A-2*. No genuine issue of material fact exists as to whether the debt at issue is secured by the Security Instrument.

### iii.   There has been a default under the terms of the Loan Agreement.

27. Plaintiff incorporates by reference all facts and arguments contained in the sections above.

28. The Loan Agreement is due and owing for the August 1, 2019 payment and all subsequent monthly payments. *See Exhibit A-4*. The Note provides that if the full amount of each monthly payment is not paid when due, the Note will be in default. *See Exhibit A-1*. There

has been a default under the terms of the Note by the failure to make the August 1, 2019 payment and all subsequent payments. *See Exhibits A-1 and A-4*. Defendant has not made any payments to cure the default on the debt that is due and owing. This constitutes a default under the terms of the Loan Agreement.

### iv. **Plaintiff has complied with the notice requirements to foreclose.**

29. Plaintiff incorporates by reference all facts and arguments contained in the sections above.

30. Upon a default under the terms of the Note, the Note provides that Plaintiff may "require [the borrower] to pay immediately the full amount of principal which has not been paid and all the interest that [the borrower] owe[s] on that amount." *See Exhibit A-1 at ¶ 6; see also Exhibit A-2 at ¶ 21*. Due to the default, a notice of default and request to cure was mailed to the Borrowers in accordance with section 51.002(d) of the Texas Property Code on April 23, 2020. *See Exhibit A-5*. This Notice of Default advised of, among other things, the amount in default, the time period to cure the default, and that if the default was not cured that the balance of the debt would be accelerated. (*Id.*)

31. The default was never cured. *See Exhibit A-4.* Accordingly, the maturity of the Note was accelerated by the filing of the Complaint on July 22, 2020. (*See ECF No. 1 at ¶21*.) Defendant paid nothing on the Loan Agreement following the acceleration.

32. No genuine issues of material fact exist as to whether Plaintiff has provided all notices required to proceed with foreclosure under the terms of the Loan Agreement and Texas law.

**B.     The summary judgment establishes that Plaintiff, as the owner and holder of the Note and beneficiary of the Security Instrument, is entitled to proceed with foreclosure against the Property in accordance with the Loan Agreement and the Texas Property Code.**

33.     Plaintiff incorporates by reference all facts and arguments contained in the sections above.

34.     Plaintiff is the proper party to enforce the remedies afforded to the Lender under the terms of the Loan Agreement. Under Texas law, a party has standing to foreclose if the party is the holder or owner of a note secured by a security instrument. *See Everbank v. Seedergy Ventures, Inc.*, No. 14-15-00785-CV, 2016 Tex. App. LEXIS 7319, at *15 (Tex. App.—Houston, 14th Dist. July 12, 2016); *J.W.D., Inc. v. Federal Ins. Co.*, 806 S.W.2d 327, 329-30 (Tex. App.—Austin 1991, no writ); *Campbell v. Mortg. Elec. Registration Sys.*, No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030, at *11 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.)  The common law that the mortgage follows the note has been codified in Texas. TEX. BUS. & COM. CODE § 9.203(g). "The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also the attachment of a security interest in the security interest, mortgage, or other lien." *Id*.

35.     Here, Plaintiff is the current holder and owner of the Note, which is endorsed in blank by Option One, the entity which was succeeded by Plaintiff. *See Exhibit A, and Exhibit A-1*. Plaintiff as the holder of the Note, may enforce the security instrument and exercise its right to foreclose on the Property due to the breach of the terms of the Note.

36.     Further, Plaintiff qualifies as a "mortgagee," as that term is defined under Chapter 51 of the Texas Property Code.[1] TEX. PROPERTY CODE § 51.0025. The Property Code specifically

---

[1] *See* TEX. PROP. CODE § 51.0001(4) ("Mortgagee means: (A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.")

gives a mortgagee and its mortgage servicer the authority to exercise the power of sale through its authority to appoint a substitute trustee under Texas Property Code section 51.0075. To qualify as a mortgagee, one must, among other qualifications, either be the grantee, beneficiary, owner, or holder of a security instrument, or they may also be the last person to whom the security interest was assigned of public record. *See* TEX. PROP. CODE § 51.0001(4).

37. Plaintiff is the last entity to whom the Security Instrument was assigned of public record. *See Exhibit A, and Exhibit A-3*. The assignment to Deutsche Bank is reflected in that certain Corporate Assignment of Deed of Trust dated October 30, 2019 and filed in the real property records of Montgomery County, Texas as Instrument No. 2019103114. (*See Id.*) Accordingly, Plaintiff is the last mortgagee as that term is defined by the Texas Property Code and is authorized to conduct the foreclosure sale. *(See Exhibit A; Exhibit A-3* and TEX. PROP. CODE § 51.0025.)

38. Lastly, Defendant can put forward no evidence to create a fact question as to Plaintiff's standing and ability to proceed with foreclosure on the Property. Due to Defendant's failure to timely respond to Plaintiff's Request of Admissions, all the matters requested therein, including Plaintiff's standing to enforce the Note and the Security Instrument, are now considered admitted and conclusively established. *See* Fed. R. Civ. P. 36 (a)(3).

39. Accordingly, there is no genuine issue of material fact as to whether Plaintiff is the proper party to administer the foreclosure process under the terms of the Loan Agreement and Texas law as a result of the default.

    **C.**    **Plaintiff is entitled to reasonable and necessary attorney's fees against Defendant pursuant to Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by Defendant.**

40. Plaintiff is entitled to attorney's fees under Chapter 37 because it seeks a declaratory judgment to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled to attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. Finally, Plaintiff is also entitled to attorney's fees pursuant to the terms of the Note and Security Instrument. (*See Exhibits A, A-1* at ¶6(d), *A-2* at ¶31)

41. Plaintiff presented its claims for payment to the Defendant. (See Exhibit A-5.) Defendant has not tendered the amount owed; therefore, the loan was accelerated and fees continue to accrue. (*See Exhibit A-4, and Exhibit A-6*.) Therefore, Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendant, but as a further obligation owed by Defendant under the subject Note and Security Instrument.

    **D.**    **Plaintiff is entitled to judgment declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of the court.**

42. Pursuant to the Texas Finance Code, "[a] money judgment of a court of this state on a contract that provides for interest or time price differential earns post-judgment interest at a rate equal to the lesser of: (1) the rate specified in the contract, which may be a variable rate; or (2) 18 percent a year. TEX. FIN. CODE § 304.002. Here, the Note bears interest at a yearly rate of 9.150%. (Exhibit A, A-1 at ¶ 2). Further, the Note states that Plaintiff will have the right to be paid back all of its costs and expenses enforcing the Note. (Exhibit A, A-1 at ¶ 6 (D)) Therefore, Plaintiff is entitled to collect (a) the outstanding balance of the Note; (b) prejudgment interest;

(c) post-judgment interest from the date of judgment until paid; and (d) costs of court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Court grant its Motion for Summary Judgment and issue an order allowing it to proceed with foreclosure. Plaintiff further requests that the Court award such other and further relief to which it may be justly entitled at law or in equity.

    Respectfully submitted,

By: */s/ Vivian N. Lopez*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Admission #21340
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
State Bar No. 20818-PR
Southern District Admission #3504182
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2685 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 16, 2021 a true and correct copy of the foregoing document was delivered to the following parties in the manner described below:

**Via Regular and Certified Mail #9314 7699 0430 0084 4884 56**
Mark Stubblefield
9 Yewleaf Ct.
Spring, Texas 77381
*Pro se Defendant*

                                           */s/ Vivian N. Lopez*
                                           **VIVIAN N. LOPEZ**